Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3261 | **DATE** | 11/1/2000 |
| **CASE TITLE** | United States of America for the use and benefit of Aldridge Electric Co. and Reliance Insurance Co., et al. vs. Pickus Construction & Equipment Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Pickus Construction Co.'s motion for attorney's fees and non-taxable expenses [57-1] is granted. Defendant is given until 11/15/00 to file a petition which details the specific attorneys' fees and non-taxable costs being sought, as required by Local Rule 54. Plaintiffs will thereafter be given 30 days to file any objections. The Court will rule by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 02 2000 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 NOV -1 PM 5:01 | |
| RO | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of Aldridge Electric Company and Reliance Insurance Company, *et al.*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 98 C 3261 |
| PICKUS CONSTRUCTION & EQUIPMENT CO., INC., *et al.*, | )<br>)<br>) Judge Ruben Castillo |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Following a directed verdict in its favor at trial, Defendant Pickus Construction Company ("Pickus") moved for attorneys' fees and other costs against Plaintiffs Aldridge Electric Company ("Aldridge") and Reliance Insurance Company ("Reliance"). After careful consideration, we grant Defendant's motion.

## RELEVANT FACTS

Aldridge and Reliance sued Pickus and American Insurance Company for Miller Act violations and breach of contract arising out of Pickus' role as general contractor on a construction project ("the Project") for which Aldridge served as a subcontractor. When the original subcontractor on the Project, Metrick Electric Company ("Metrick"), declared itself unable to complete its work, Aldridge assumed Metrick's obligations under the terms of a performance bond on which Pickus was the obligee, Metrick the principal, and Reliance the

surety.[1]  At the close of Plaintiffs' case at the bench trial, this Court entered judgment on all counts for Defendants.  Currently before the Court is Pickus' motion for attorneys' fees and related nontaxable costs.

## ANALYSIS

### I. Timeliness and Rule 54(d)

As a threshold question, we address Plaintiffs' contention that Pickus' post-trial motion was not timely filed.  Pickus brings this motion pursuant to Federal Rule of Civil Procedure 54(d), which provides for attorneys' fees and other costs by motion following entry of judgment.  Such a motion is appropriate except when "the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial."  Fed. R. Civ. P. 54(d)(2)(A).  Plaintiffs argue that Pickus' post-trial motion for fees falls within this exception and, therefore, is not timely.  Plaintiffs assert that the Advisory Committee Notes underscore their contention that Rule 54 prohibits a party from seeking, for the first time after trial, fees owed under a contract.  The 1993 Advisory Committee Notes to Rule 54 explain that the rule "does not . . . apply to fees recoverable as an element of damages, as when sought under the terms of a contract."

Plaintiffs misunderstand Rule 54.  The mere fact that the motion is based on a contract provision does not *per se* compel the winning side either to plead the attorneys' fees claim before judgment or forfeit its right to recover.  *Rissman v. Rissman*, No. 00-2141, 2000 WL 1456879, at *1 (7th Cir. Oct. 2, 2000) (a litigant typically can seek attorneys' fees under a contract via post-trial motion); *see Eastern Trading Co. v. Refco, Inc.*, Nos. 99-2362, 99-3053, 2000 WL 1507000,

---

[1] Reliance, in fulfillment of its obligations under the bond, had engaged Aldridge to replace Metrick as subcontractor.

2

at *9 (7th Cir. Oct 10, 2000) (because customer agreement obligated plaintiff to reimburse defendant for attorneys' fees, the issue of attorneys' fees was not a triable issue (and, therefore, not waived) and needed to be resolved *after* trial); *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir. 2000) (noting that Rule 54(c) assures that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings"). The Seventh Circuit explained in *Rissman* that

> [w]hat Rule 52(d)(2)(A) [sic] requires is that a party seeking legal fees among the items of damages – for example, fees that were incurred by the plaintiff before the litigation begins . . . must raise its claim in time for submission to the trier of fact, which means before the trial rather than after. Fees for work done during the case should be sought after decision, when the prevailing party has been identified and it is possible to quantify the award.

*Rissman*, 2000 WL 1456879, at *1.

Nothing in the nature of the Metrick subcontract suggests that it would have been appropriate for Pickus to plead its attorneys' fees as an element of damages before or during trial. We are not persuaded by the authorities cited by Plaintiffs suggesting the motion is not timely filed. Thus, we shall proceed to examine the merits of the motion before us.

## II. The Metrick Subcontract

### A. The Indemnity Clause

Pickus initially moved for attorneys' fees on the strength of two sections of the Metrick subcontract, *i.e.* an indemnity clause and a fee-shifting clause. In its Reply brief, however, Pickus explicitly waived its claim under the fee-shifting clause. Thus, to determine whether Aldridge is liable for fees under the subcontract, we begin by examining the indemnity clause.

3

As a general rule, Illinois follows the American Rule, whereby attorneys' fees may not be shifted unless specifically provided for by contract or statute. *Brundidge v. Glendale Fed. Bank, F.S.B.*, 659 N.E.2d 909, 911 (Ill. 1995). In this case, the parties explicitly agreed, in their contract, that Metrick (and therefore Aldridge and Reliance) "shall indemnify and hold harmless Pickus Construction . . . against all claims . . . including but not limited to attorneys' fees, arising out of or resulting from Subcontractor's performance of its work." (R. 57, Pickus' Mot. for Attorneys' Fees Ex. A, Metrick Subcontract at § 6.1.) Plaintiffs argue that § 6.1 requires that Metrick indemnify and defend Pickus only against claims by third parties against Pickus. (R. 67, Pls.' Resp. at 4.) Thus, they argue, "Metrick is not required to indemnify Pickus against a claim by Metrick itself under the subcontract itself." (*Id.*) However, nowhere in the language of § 6.1 is indemnity limited solely to actions by third parties. Nor does the law imply such a limiting rule. *Steiner Diamond & Co., Inc. v. Flashner Med. Partnership*, 599 N.E.2d 1323, 1328 (Ill. App. Ct. 1992); *see* 41 Am. Jur. 2d *Indem.* § 8 (1999) (indemnity is not explicitly confined to consequences of actions by third parties, or by any limited class of persons). Any such limits must flow from explicit language in the contract itself. In addition, the broad phrase in § 6.1 "arising out of or resulting from Subcontractor's performance of its work" indicates that a wide spectrum of potential claims is to be indemnified.

The Miller Act and breach of contract claims by Aldridge and Reliance plainly arose out of Aldridge's work on the Subcontract and, consequently, fall within the ambit of the indemnity clause. The Plaintiffs have conceded as much in their brief. Their argument that they can escape liability for attorneys' fees simply because they are a party to the contract, and thus <u>not</u> a third party, is unsupported either by legal authority or by language in the contract. We find, therefore,

4

that Aldridge and Reliance are liable for attorneys' fees and related non-taxable costs under the terms of the indemnity clause in the Metrick subcontract.[2]

**B. The Fee-Shifting Clause**

Lastly, we add that the fee-shifting clause, waived by Pickus, also would have entitled Pickus to attorneys' fees. That clause provides for attorneys' fees for Pickus in the event that it "employ[ed] an attorney to enforce any of the provisions of this contract." (R. 57, Pickus' Mot. for Attorneys' Fees Ex. A, Metrick Subcontract at § 9.2.) We find that the Metrick subcontract's use of the word "enforce" encompasses Pickus' defense of the present action.

According to Plaintiffs, because Illinois law construes provisions for attorneys' fees strictly, "Pickus would have had to 'employ an attorney' either to (1) enforce the contract or (2) 'collect damages' for breach of the subcontract" to come within § 9.2. (R. 67, Pls.' Resp. at 5.) Plaintiffs argue that Pickus' *defense* against the breach of contract claim, thus, does not fall within the fee-shifting clause. We disagree. A party defending an action may recover under attorneys' fee provisions, to the extent that defense of the action was necessary to compel the other party to fulfill their obligations under the contract. *See Harter v. Iowa Grain Co.*, 220 F.3d 544, 560 (7th Cir. 2000) ("actions necessary to [the defendant's] collection efforts are covered by the attorney's fee provision").

We find that Pickus' defense against the breach of contract claim and asserted Miller Act violations was necessary within the meaning of *Harter*. In order to compel Aldridge to meet its

---

[2] Given our conclusion, it is unnecessary to address Pickus' alternative argument, raised in its Reply, that, even if indemnification were in fact limited to actions by third parties, because Reliance and Aldridge constitute third parties to one another, they would still be bound to Pickus for attorneys' fees.

obligations under the contract, Pickus had no choice but to defend itself against Plaintiffs' claims. Thus, under these facts, the fee-shifting clause would have entitled Pickus to attorneys' fees.

### III. Miller Act Does Not Bar Award of Attorneys' Fees

Finally, Plaintiffs suggest that the Miller Act, which governs certain government contracts including Pickus' for the Project, bars the award of attorneys' fees. *See* 40 U.S.C. § 270(a) *et seq*. Certainly, as Plaintiffs point out, the Miller Act does not independently authorize an award of attorneys' fees absent authority flowing from a contract or state law. The Miller Act does not, however, bar such awards when they are authorized by contract or state law. *United States ex rel. Cal's A/C and Elec. v. Famous Const. Corp.*, 220 F.3d 326, 327-28 (5th Cir. 2000) (*citing F.D. Rich Co. v. United States ex. rel. Indus. Lumber Co.*, 417 U.S. 116 (1974)). As explained above, in this case, independent contractual authority exists for the award of attorneys' fees.

### CONCLUSION

For the foregoing reasons, Defendant's motion for attorneys' fees and non-taxable costs (R. 57-1) is granted. Defendant is given until November 15, 2000 to file a petition which details the specific attorneys' fees and non-taxable costs being sought, as required by Local Rule 54. Plaintiffs will thereafter be given thirty days to file any objections. The Court will rule by mail.

ENTERED:

_____
Judge Ruben Castillo
United States District Court

Date: November 1, 2000

6